2:24cv1107

2:24cv1107

# EXHIBIT 1

*EXHIBIT 1*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/10/2024 9:53 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
H.I.G. CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Corporation doing business in California [see attachment for additional Defendants]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Adrienne Arrington [see attachment for additional Defendants]

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
**24STCV00341**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackie Rose Kruger (SBN: 231085) The Kruger Law Firm 485 S. Robertson Blvd, Ste 4, Beverly Hills, CA 90211 (310) 550-1234

DATE: 01/10/2024   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by ___ J. Gnade ___, Deputy
*(Fecha)*                                                                *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**6**

*EXHIBIT 1*

SUM-200(A)

| SHORT TITLE:<br>ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | CASE NUMBER:<br>24STCV00341 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

John Doe 1, Director of H.I.G. Capital Management, LLC; John Doe 2, Managing Agent of H.I.G. Capital Management, LLC; Mandy Dowson, an individual; John Doe 3, Managing Agent of Jenny Craig, Inc.; ENCINA PRIVATE CREDIT SPV, LLC, a Delaware Limited Liability Corporation doing business in California; John Doe 4, Director of ENCINA PRIVATE CREDIT SPV, LLC; John Doe 5, Managing Agent of ENCINA PRIVATE CREDIT SPV, LLC; and DOES 1 to 50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

7

*EXHIBIT 1*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | 24STCV00341 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ x ] Plaintiff      [  ] Defendant      [  ] Cross-Complainant      [  ] Cross-Defendant

Alecia Guarneros; Alexa Sanchez; Alice Scott; Amanda Prescott; Amanda Shepherd; Amsha Swensen; Amy Torowki; Amy White; Andrea Richey; Annamarie Holmes; Ashley Knutson; Barbara Wass; Becki MacDougall; Bertha Reveles; Bianca Mottola; Blanca Jaimes; Bonnie Dolan; Breanna Martinez; Carina Tam; Carlina Elaine Konopatskiy; Carlton Jordan; Carol Altemusl Carol Cooper; Carolyn Kerrigan; Carrie Bullen Richter A.K.A Carrie Bullen Townsend; Cathy Moore; Cathy Poole; Cherrie L. Rosander; Cindy Ruiz; Consuelo Espinoza; Dawn Gersh; Debbie Mach; Denise Shelley; Diana Self; Egypt Hemby; Elisa Snyder; Elisha Goodman; Elizabeth M. Roberts; Elizabeth Nu; Ellen Spar; Eric Matson; Erica Conley; Evangela Rene Rouzan; Gabriela Sanchez-Rubio; Ginger Parker; Hailey Jones; Henry Kaplan; Iris Claire Slonin; Janeen Handy; Jennifer Mendoza; Jennifer Sherman; Jennifer Small; Jeri Dawn Martel; Jessica Barry-Roderfeld; John Paul Jones; Joshua Vergote; Juanita Angel; Julie Galovich; Justine Holden; Karen Larson; Karina Garcia; Katherine Huynh Liu; Katherine Ragusa; Kathleen Brechtel; Kim Doyle; Kimberly George; Kimberly Greenlee; Laura Koutris; Laura Saunders; Lauralyn Mazzuca; Lisa McClure; Lorena Gonzalez; Mackenzie Fisher; Mani Morgado Salyers; Marie Tafolla; Maria Guadalupe Flores Depuga; Mark Alan Mendes; Mary Kabel Burdick; Mary Robinson; Matthew C. Brynie; Matthew Switzer; Melody Valdez; Michelle Ghelfi; Michelle Mantos; Monica Ropar; Naghmeh Salenhaghighi; Natalie Coconubo-Leiser; Nichol R. Turner; Nicole Anderson; Nicole Patton; Niesha Greenwood; Pam Williams; Parkhideh Stephanie Malekzadeh; Paula Walker; Phillip Cooper; Ranjit R. Chaganti; Raquel Richardson; Rekala Ross; Renae Hodge; Renee Osborne; Reyna Farias; Russell Trimble; Sabrina Pringle; Serena Olalia; Shafiqa Ansari; Shannon Daugherty; Shannon Gerry; Shannon Goodwin; Sharon So; Sheila Lopez; Sheri Wade; Shirin T. Jensen; Shirley Moss; Sreekanth P; Starlette Petersen; Stephanie Sims; Suelean Smith; Sunita Rivankar; Susan Krakower; Susan Sopocko; Susanne M. Woodward; Suzanne LaSalle; Tal Polany; Tara Grant; Taylor Bratsch; Terri Gibson-Hemby; Tori Hobert; Tricia Etue; Vana Pettine; Venieca Thorson; Venkata Vijaya Ashok Saripalli; Virginia Leal

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**8**

*EXHIBIT 1*

# EXHIBIT 2

*EXHIBIT 2*

1

Jackie Rose Kruger, Esq. (SBN 231085)
*krugerlaw@thekrugerlawfirm.com*
**THE KRUGER LAW FIRM**
485 South Robertson Boulevard Suite 4
Beverly Hills, California 90211
Tel.: 310-550-1234
Fax: 310-550-6904

2

3

4

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**1/05/2024 10:48 AM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By J. Covarrubias, Deputy Clerk**

5

Attorney for PLAINTIFFS

6

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

### COUNTY OF LOS ANGELES WEST DISTRICT

8

### [Unlimited Jurisdiction]

9

10

Adrienne Arrington; Alecia Guarneros;
Alexa Sanchez; Alice Scott; Amanda
Prescott; Amanda Shepherd; Amsha
Swensen; Amy Torowki; Amy White;
Andrea Richey; Annamarie Holmes; Ashley
Knutson; Barbara Wass; Becki MacDougall;
Bertha Reveles; Bianca Mottola; Blanca
Jaimes; Bonnie Dolan; Breanna Martinez;
Carina Tam; Carlina Elaine Konopatskiy;
Carlton Jordan; Carol Altemusl Carol
Cooper; Carolyn Kerrigan; Carrie Bullen
Richter A.K.A. Carrie Bullen Townsend;
Cathy Moore; Cathy Poole; Cherrie L.
Rosander; Cindy Ruiz; Consuelo Espinoza;
Dawn Gersh; Debbie Mach; Denise Shelley;
Diana Self; Egypt Hemby; Elisa Snyder;
Elisha Goodman; Elizabeth M. Roberts;
Elizabeth Nu; Ellen Spar; Eric Matson; Erica
Conley; Evangela Rene Rouzan; Gabriela
Sanchez-Rubio; Ginger Parker; Hailey
Jones; Henry Kaplan; Iris Claire Slonin;
Janeen Handy; Jennifer Mendoza; Jennifer
Sherman; Jennifer Small; Jeri Dawn Martel;
Jessica Barry-Roderfeld; John Paul Jones;
Joshua Vergote; Juanita Angel; Julie
Galovich; Justine Holden; Karen Larson;
Karina Garcia; Katherine Huynh Liu;
Katherine Ragusa; Kathleen Brechtel; Kim
Doyle; Kimberly George; Kimberly
Greenlee; Laura Koutris; Laura Saunders;
Lauralyn Mazzuca; Lisa McClure; Lorena
Gonzalez; Mackenzie Fisher; Mani Morgado
Salyers; Marie Tafolla; Maria Guadalupe
Flores Depuga; Mark Alan Mendes; Mary
Kabel Burdick; Mary Robinson; Matthew C.
Brynie; Matthew Switzer; Melody Valdez;
Michelle Ghelfi; Michelle Mantos; Monica
Ropar; Naghmeh Salenhaghighi; Natalie

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: **24STCV00341**

**COMPLAINT:**

1) **FAILURE TO PROVIDE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION**
2) **UNPAID WAGES AND WAITING TIME PENALTY**
3) **FAILURE TO PROVIDE REST AND MEAL BREAK**
4) **FAILURE TO REIMBURSE BUSINESS EXPENSES**
5) **FAILURE TO PROVIDE COBRA NOTICE**
6) **BREACH OF CONTRACT**

-1-

10

*EXHIBIT 2*

1 | Coconubo-Leiser; Nichol R. Turner; Nicole )
Anderson; Nicole Patton; Niesha )
2 | Greenwood; Pam Williams; Parkhideh )
Stephanie Malekzadeh; Paula Walker; )
3 | Phillip Cooper; Ranjit R. Chaganti; Raquel )
Richardson; Rekala Ross; Renae Hodge; )
4 | Renee Osborne; Reyna Farias; Russell )
Trimble; Sabrina Pringle; Serena Olalia; )
5 | Shafiqa Ansari; Shannon Daugherty; )
Shannon Gerry; Shannon Goodwin; Sharon )
6 | So; Sheila Lopez; Sheri Wade; Shirin T. )
Jensen; Shirley Moss; Sreekanth P; Starlette )
7 | Petersen; Stephanie Sims; Suelean Smith; )
Sunita Rivankar; Susan Krakower; Susan )
8 | Sopocko; Susanne M. Woodward; Suzanne )
LaSalle; Tal Polany; Tara Grant; Taylor )
9 | Bratsch; Terri Gibson-Hemby; Tori Hobert; )
Tricia Etue; Vana Pettine; Venieca Thorson; )
10 | Venkata Vijaya Ashok Saripalli; Virginia )
Leal )
)
11 |        Plaintiffs, )
)
12 | )
       v. )
13 | )
H.I.G. CAPITAL MANAGEMENT, LLC, a )
14 | Delaware Limited Liability Corporation )
doing business in California; John Doe 1, )
15 | Director of H.I.G. Capital Management, )
LLC; John Doe 2, Managing Agent of H.I.G. )
16 | Capital Management, LLC; Mandy Dowson, )
an individual; John Doe 3, Managing Agent )
17 | of Jenny Craig, Inc.; ENCINA PRIVATE )
CREDIT SPV, LLC, a Delaware Limited )
18 | Liability Corporation doing business in )
California; John Doe 4, Director of ENCINA )
19 | PRIVATE CREDIT SPV, LLC; John Doe 5, )
Managing Agent of ENCINA PRIVATE )
20 | CREDIT SPV, LLC; and DOES 1 to 50, )
inclusive, )
21 | )
       Defendants. )
22 | )
)
23 | ————————————————— )

24        COMES NOW Plaintiffs, former employees of Jenny Craig, Inc. (hereinafter

25 "Plaintiffs"), a subsidiary of Defendants H.I.G. Capital Management, LLC ("H.I.G."), complain

26 of Defendants, and each of them, as follows:

27

28

11

*EXHIBIT 2*

## PARTIES

1. Plaintiffs, Adrienne Arrington; Alecia Guarneros; Alexa Sanchez; Alice Scott; Amanda Prescott; Amanda Shepherd; Amsha Swensen; Amy Torowki; Amy White; Andrea Richey; Annamarie Holmes; Ashley Knutson; Barbara Wass; Becki MacDougall; Bertha Reveles; Bianca Mottola; Blanca Jaimes; Bonnie Dolan; Breanna Martinez; Carina Tam; Carlina Elaine Konopatskiy; Carlton Jordan; Carol Altemusl Carol Cooper; Carolyn Kerrigan; Carrie Bullen Richter A.K.A Carrie Bullen Townsend; Cathy Moore; Cathy Poole; Cherrie L. Rosander; Cindy Ruiz; Consuelo Espinoza; Dawn Gersh; Debbie Mach; Denise Shelley; Diana Self; Egypt Hemby; Elisa Snyder; Elisha Goodman; Elizabeth M. Roberts; Elizabeth Nu; Ellen Spar; Eric Matson; Erica Conley; Evangela Rene Rouzan; Gabriela Sanchez-Rubio; Ginger Parker; Hailey Jones; Henry Kaplan; Iris Claire Slonin; Janeen Handy; Jennifer Mendoza; Jennifer Sherman; Jennifer Small; Jeri Dawn Martel; Jessica Barry-Roderfeld; John Paul Jones; Joshua Vergote; Juanita Angel; Julie Galovich; Justine Holden; Karen Larson; Karina Garcia; Katherine Huynh Liu; Katherine Ragusa; Kathleen Brechtel; Kim Doyle; Kimberly George; Kimberly Greenlee; Laura Koutris; Laura Saunders; Lauralyn Mazzuca; Lisa McClure; Lorena Gonzalez; Mackenzie Fisher; Mani Morgado Salyers; Marie Tafolla; Maria Guadalupe Flores Depuga; Mark Alan Mendes; Mary Kabel Burdick; Mary Robinson; Matthew C. Brynie; Matthew Switzer; Melody Valdez; Michelle Ghelfi; Michelle Mantos; Monica Ropar; Naghmeh Salenhaghighi; Natalie Coconubo-Leiser; Nichol R. Turner; Nicole Anderson; Nicole Patton; Niesha Greenwood; Pam Williams; Parkhideh Stephanie Malekzadeh; Paula Walker; Phillip Cooper; Ranjit R. Chaganti; Raquel Richardson; Rekala Ross; Renae Hodge; Renee Osborne; Reyna Farias; Russell Trimble; Sabrina Pringle; Serena Olalia; Shafiqa Ansari; Shannon Daugherty; Shannon Gerry; Shannon Goodwin; Sharon So; Sheila Lopez; Sheri Wade; Shirin T. Jensen; Shirley Moss; Sreekanth P; Starlette Petersen; Stephanie Sims; Suelean Smith; Sunita Rivankar; Susan Krakower; Susan Sopocko; Susanne M. Woodward; Suzanne LaSalle; Tal Polany; Tara Grant; Taylor Bratsch; Terri Gibson-Hemby; Tori Hobert; Tricia Etue; Vana

**12**

*EXHIBIT 2*

Pettine; Venieca Thorson; Venkataat all relevant times, were competent adults employed and performed work in the State of California.

2. Plaintiffs are informed and believe, and thereon allege, that Jenny Craig, Inc. (not a party to this action due to bankruptcy filing), at all times material hereto was, a Delaware Corporation doing business in the State of California, employing more than 50 employees, and was engaged in interstate commerce within the meaning of California Government Code Section 12926.

3. Plaintiffs are informed and believe, and thereon allege, that Defendant H.I.G. Capital Management LLC, is and at all times material hereto was, a Delaware Corporation doing business in the State of California, owning and managing Jenny Craig, Inc., employing more than 50 employees, and is engaged in interstate commerce within the meaning of California Government Code Section 12926.

4. Plaintiffs are informed and believe, and thereon allege, that Defendant Encina Private Credit SPV, LLC, ("Encina Private Credit") at all times material hereto was, a Delaware Corporation doing business in the State of California. Plaintiffs are informed and believe, and thereon allege that, during all times relevant, Encina Private Credit became a part owner of Jenny Craig Inc. and had extensive involvement in the corporate management of Jenny Craig Inc.

5. Plaintiffs are informed and believe, and thereon allege, that Defendant Mandy Dowson, at all times material hereto was the CEO of Jenny Craig, Inc., a subsidiary of Defendants H.I.G. Capital Management, LLC, managing the operation of Jenny Craig, Inc. as well as employees of Jenny Craig, Inc. and H.I.G. Capital Management LLC in California, thereby availing herself to the jurisdiction of State of California.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant John Doe 1, at all times material hereto was the director of H.I.G Capital Management LLC, managing the operation of Jenny Craig, Inc. as well as employees of Jenny Craig, Inc. and H.I.G. Capital Management LLC in California, thereby availing themselves to the jurisdiction of State of California.

**13**

*EXHIBIT 2*

7.  Plaintiffs are informed and believe, and thereon allege, that Defendant John Doe 2, at all times material hereto was the managing agent of H.I.G Capital Management LLC, managing the operation of Jenny Craig, Inc. as well as employees of Jenny Craig, Inc. and H.I.G. Capital Management LLC in California, thereby availing themselves to the jurisdiction of State of California.

8.  Plaintiffs are informed and believe, and thereon allege, that Defendant John Doe 3, at all times material hereto was the managing agent of Jenny Craig, Inc., a subsidiary of Defendants H.I.G. Capital Management, LLC, managing the operation of Jenny Craig, Inc. as well as employees of Jenny Craig, Inc. and H.I.G. Capital Management LLC in California, thereby availing themselves to the jurisdiction of State of California.

9.  Plaintiffs are informed and believe, and thereon allege, that Defendant John Doe 4, at all times material hereto was the director of ENCINA PRIVATE CREDIT SPV, LLC (a partial owner and manager of Jenny Craig, Inc. during all relevant times), managing the operation of Jenny Craig, Inc. as well as employees of Jenny Craig, Inc. and H.I.G. Capital Management LLC in California, thereby availing themselves to the jurisdiction of State of California.

10. Plaintiffs are informed and believe, and thereon allege, that Defendant John Doe 5, at all times material hereto was the managing agent of ENCINA PRIVATE CREDIT SPV, LLC (a partial owner and manager of Jenny Craig, Inc. during all relevant times), managing the operation of Jenny Craig, Inc. as well as employees of Jenny Craig, Inc. and H.I.G. Capital Management LLC in California, thereby availing themselves to the jurisdiction of State of California.

11. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants Does 1 through 50, as each fictitiously named Defendant is in some manner liable to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendant is responsible in

14

*EXHIBIT 2*

some manner for the injuries and damages to Plaintiff so alleged ant that such injuries and damages were actually and/or proximately caused by such Defendants.

12. Defendants collectively refer to all named and unnamed corporate and individual Defendants at the time of filling.

13. Corporate Defendants collectively refer to all named and unnamed corporation Defendants, which includes H.I.G. Capital Management LLC and Encina Private Credit SPV, LLC, as well as all corporate entities Defendants that may be discovered and/or identified at a later time.

14. Individual Defendants collectively refer to all named and unnamed individual Defendants, which includes Mandy Dowson, John Does 1-5, as well as all individual Defendants that may be discovered and/or identified at a later time.

15. Plaintiffs are informed and believe and thereon allege that at all relevant times mentioned herein, each of the Individual Defendants was an agent, servant and/or employee of each of the remaining defendants, and each of the defendants was at all times mentioned herein acting within the time, purpose and/or scope of said agents and/or employment, and acting with the express and/or implied knowledge, permission and/or consent of each of the remaining defendants, and each of the defendants approved and/or ratified the unlawful acts and/or omissions and/or conduct alleged herein. Each of the defendants, either by themselves, or at their direction through the actions or omissions of their agents, servants and/or employees, either participated in the unlawful acts and/or omissions and/or conduct alleged herein and/or knew of the unlawful acts and/or omissions and/or conduct alleged herein, and failed to take corrective action.

16. Plaintiffs are informed and believe and thereon allege that at all relevant times mentioned herein, each of the individual defendants was at all times the owner, director or managing agent of the corporate defendants pursuant to California Labor Code Section 558.1 and caused the violations set forth herein, and thus are personally liable for all the labor code violations.

//

**15**

*EXHIBIT 2*

## FACTS COMMON TO ALL CAUSES OF ACTION

17. Jenny Craig Inc. was a weight loss, weight management, and nutrition company operating since 1983.

18. Jenny Craig Inc.'s headquarters was in Carlsbad, California, while operating at 68 California locations and employing no less than 1,000 employees by the time of its shutdown.

19. In or around 2019, H.I.G. acquired Jenny Craig Inc.

20. Plaintiffs were informed, believe and thereon allege that in or around 2022, Jenny Craig Inc. was in dire financial condition in part due to the mismanagement and misappropriation by H.I.G.

21. Plaintiffs are informed, believe, and thereon allege that in or around 2022, Encina Private Credit SPV LLC invested money in and took ownership and control of Jenny Craig Inc. months before its closure. Encina Private Credit became part owner, director and/or managing agent of Jenny Craig Inc.

22. Since the involvement of Encina Private Credit and their personnel in Jenny Craig's management, they have failed to follow proper California and Federal employment and labor codes.

23. On or around April 25, 2023, Jenny Craig Inc., while under the control of Defendants H.I.G. and Encina Private Credit, sent an email to a selective group of corporate employees announcing Jenny Craig Inc.'s upcoming closure, while keeping this information from all other employees. Most of Plaintiffs did not receive said email.

24. On or around May 1, 2023, Jenny Craig Inc., while under the control of Defendants H.I.G. and Encina Private Credit, closed all of its offices while laying off Plaintiffs, who were employees of Jenny Craig Inc., at the time of its sudden closure.

25. Plaintiffs are informed, believe, and thereon allege that more than 1000 employees were laid off at around the same time.

26. Despite the requirement that a 60-day notice be given to employees, Defendants did not give required advance notice of this layoff so that employees could get their lives in order.

27. On the day of the mass layoff, some employees received informal communication from supervisors telling them not to come to work. Some other employees went to work as usual but found that the work location was closed and had no access to their belongings inside.

28. On the day of the mass layoff, a few selective employees were told to work until May 5, 2023.

29. Plaintiffs either did not receive a paycheck for their last pay period, or received a paycheck by mail, but not able to cash the check as Defendants did not reserve enough cash to pay for employees' outstanding wages and benefits.

30. Plaintiffs had outstanding Paid Time Off that was never paid out.

31. Despite the fact that deductions were made on Plaintiffs' paychecks for medical insurance, Plaintiffs' medical insurance was cancelled without any notice. Many Plaintiffs incurred significant medical expenses due to Defendants' failure to maintain their medical insurance.

32. Plaintiffs incurred business expenses before the layoff but never received reimbursement from Defendants.

33. At the time of hire, Plaintiffs were told that they were entitled to severance based on the length of time that they worked.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION**

**(Against H.I.G. CAPITAL MANAGEMENT, LLC; JOHN DOE 1; JOHN DOE 2; MANDY DOWSON; JOHN DOE 3; ENCINA PRIVATE CREDIT SPV, LLC; JOHN DOE 4; JOHN DOE 5; and DOES 1 to 50)**

34. Plaintiffs hereby refer to the allegations set out in Paragraph 1 through 33 of the within complaint and incorporate the same herein by reference as though plead in full.

35. California Worker Adjustment and Retraining Notification Act requires covered employers to provide written notice to employees 60 days before a mass layoff, relocation or termination at a covered establishment so that employees can make adjustment to find new employment. (Labor Code section § 1401). Notice must also be given to the Local

**17**

*EXHIBIT 2*

Workforce Development Board, and the chief elected official of each city and county government within which the termination, relocation or mass layoff occurs. (*Ibid.*)

36. Plaintiffs are informed, believe, and thereon allege that Defendants are employers employing in the preceding 12 months, 75 or more full and part-time employees. Defendants' employees were employed for at least 6 months of the 12 months preceding the date of the mass layoff.

37. Plaintiffs are informed, believe and thereon allege that Defendants laid off 50 or more employees within a 30-day period and all of their employees.

38. None of the exemptions to the notice requirements of the California WARN Act applies.

39. Defendants did not give required advance notice of layoffs so that employees could get their lives in order. Many employees took on debt obligations that they could have avoided had they known that they would soon be out of a job.

40. Plaintiffs have been damaged by Defendants' conduct constituting violation of the California and are entitled to damages for their back pay and associated benefits for each day of the violation.

## SECOND CAUSE OF ACTION

### UNPAID WAGES AND WAITING TIME PENALTY

**(Against H.I.G. CAPITAL MANAGEMENT, LLC; JOHN DOE 1; JOHN DOE 2; MANDY DOWSON; JOHN DOE 3; ENCINA PRIVATE CREDIT SPV, LLC; JOHN DOE 4; JOHN DOE 5; and DOES 1 to 50)**

41. Plaintiff hereby refer to the allegations set out in Paragraph 1 through 40 of the within complaint, and incorporate the same herein by reference as though plead in full.

42. California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

43. Where an employer willfully fails to pay discharged or quitting employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's

compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

44. Plaintiffs either did not receive a paycheck for their last pay period, or received a paycheck by mail, but were not able to cash the check as Defendants did not reserve enough cash to pay for employees' outstanding wages and benefits.

45. Plaintiffs had outstanding Paid Time Off that was never paid out.

46. Defendants knowingly and willful violated California Labor Code §§ 201 and 202 by failing to pay Plaintiffs final wages upon their layoff. Defendants are therefore liable for waiting time penalties as required by California Labor Code § 203.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE REST AND MEAL BREAK**

**(Against H.I.G. CAPITAL MANAGEMENT, LLC; JOHN DOE 1; JOHN DOE 2; MANDY DOWSON; JOHN DOE 3; ENCINA PRIVATE CREDIT SPV, LLC; JOHN DOE 4; JOHN DOE 5; and DOES 1 to 50)**

47. Plaintiffs hereby refer to the allegations set out in Paragraph 1 through 46 of the within complaint, and incorporate the same herein by reference as though plead in full.

48. California Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes …" (Cal. Labor Code § 512.)

49. The applicable Wage Order states in pertinent part, "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . .If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is

1    not provided." (Wage Order No. 7-2001)

2    50. Labor Code § 226.7(a) states that "no employer shall require any employee to work during

3    any meal or rest period mandated by an applicable order of the Industrial Welfare

4    Commission."

5    51. Defendants failed to provide mandated meal and rest periods to some of the Plaintiffs.

6    52. As a result of Defendants' willful and unlawful failure to provide California Plaintiffs

7    mandated meal periods, Plaintiffs are entitled to recover one hour of pay at their regular rate

8    of compensation for each workday that a meal period was not provided, plus interest

9    thereon, attorneys' fees and costs.

10   53. As a result of Defendants' willful and unlawful failure to provide Plaintiffs mandated rest

11   periods, Plaintiffs are entitled to recover one hour of pay at their regular rate of

12   compensation for each workday that a rest was not provided, plus interest thereon,

13   attorneys' fees and costs.

14   **FOURTH CAUSE OF ACTION**

15   **FAILURE TO REIMBURSE BUSINESS EXPENSES**

16   **(Against H.I.G. CAPITAL MANAGEMENT, LLC; JOHN DOE 1; JOHN DOE 2;**

17   **MANDY DOWSON; JOHN DOE 3; ENCINA PRIVATE CREDIT SPV, LLC; JOHN**

18   **DOE 4; JOHN DOE 5; and DOES 1 to 50)**

19   54. Plaintiffs hereby refer to the allegations set out in Paragraph 1 through 53 of the within

20   complaint, and incorporate the same herein by reference as though plead in full.

21   55. California Labor Code section 2802 requires employers to reimburse employees, "for all

22   necessary expenditures or losses incurred by the employee" when working. (California

23   Labor Code § 2802.) Necessary expenditures or losses include all reasonable costs. (*Ibid.*)

24   56. During Plaintiffs employment with Defendants, Plaintiffs incurred expenditures and/or

25   losses. These expenditures and/or losses were necessary to conduct Plaintiffs' job duties for

26   Defendants and were reasonable.

27   57. Defendants failed to reimburse Plaintiffs for the business expenditures and/or losses they

28   incurred.

58. As a result of Defendants' failure to reimburse business expenditures and/or losses, Plaintiffs are entitled to recover all business expenditures incurred, plus interest thereon, attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE COBRA NOTICE

### (Against H.I.G. CAPITAL MANAGEMENT, LLC; JOHN DOE 1; JOHN DOE 2; MANDY DOWSON; JOHN DOE 3; ENCINA PRIVATE CREDIT SPV, LLC; JOHN DOE 4; JOHN DOE 5; and DOES 1 to 50)

59. Plaintiffs hereby refer to the allegations set out in Paragraph 1 through 58 of the within complaint, and incorporate the same herein by reference as though plead in full.

60. Under Federal COBRA, a qualifying employer must provide employees with a COBRA notice within 30 days of a qualifying event. A qualifying event can be one of the following: termination or reduction in hours of employment of the covered employee; death of the covered employee; covered employee becoming entitled to Medicare; or employer bankruptcy.

61. Defendants are qualifying employers since they employed more than 20 employees at the time of the mass layoff.

62. A qualifying event occurred when Plaintiffs were terminated.

63. Defendant failed to provide the statutorily mandated COBRA notice despite the presence of a qualifying event.

64. Plaintiffs are informed and believe and thereon alleges that to the extent any communication from Defendants existed regarding discontinuation of the health insurance, these communications failed to comply with the statutory COBRA notice requirements.

65. Defendants' failure to provide COBRA notice resulted in Plaintiffs' inability to make an informed decision as to their health insurance coverage post termination.

66. As a result of the Defendants' failure to provide COBRA notice, Plaintiffs were unaware of their health insurance status or options to continue coverage post termination, and Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of health

insurance coverage.

67. As a result of Defendants' failure to provide COBRA notice, Plaintiffs suffered a second tangible economic loss when they paid out-of-pocket for medical expenses incurred after they lost her health insurance.

68. As a result of Defendants' failure to provide COBRA notice, Plaintiffs suffered stress and anxiety caused by the loss of their health insurance.

69. As a result of Defendants' failure to provide COBRA notice, some Plaintiffs delayed their medical treatment due to lack of health insurance coverage, thereby resulting in additional bodily and emotional harm.

70. Plaintiffs are informed and believe and thereon allege that the outrageous conduct of Defendant described above was one with malice and with conscious disregard for her rights and with the intention design and purpose of injuring her. By reason thereof, Plaintiffs are entitled to punitive and exemplary damages from Defendant in sum according to proof at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**BREACH OF CONTRACT AS TO MEDICAL INSURANCE BENEFITS**

**(Against H.I.G. CAPITAL MANAGEMENT, LLC; JOHN DOE 1; JOHN DOE 2; MANDY DOWSON; JOHN DOE 3; ENCINA PRIVATE CREDIT SPV, LLC; JOHN DOE 4; JOHN DOE 5; and DOES 1 to 50)**

71. Plaintiffs hereby refer to the allegations set out in Paragraph 1 through 70 of the within complaint, and incorporate the same herein by reference as though plead in full.

72. Defendants and Plaintiffs went into a contract when Defendants offered Plaintiff medical insurance as a benefit of their employment with Jenny Craig, Inc.

73. Plaintiffs fulfilled their duty under the contract by continuing working as Jenny Craig, Inc.'s employee and allowing Defendants to make appropriate deductions from their monthly pay checks for Plaintiffs' contributions to their employer sponsored health insurance.

74. Defendants breached their contract with Plaintiffs since they failed to provide Plaintiffs continued health insurance in May 2023, despite having made deductions from Plaintiffs'

paychecks, and failed to provide Plaintiffs timely notice of the discontinued medical insurance.

75. As a result of the Defendants' breach, Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of health insurance coverage.

76. As a result of Defendants' breach, Plaintiffs suffered a second tangible economic loss when they paid out-of-pocket for medical expenses incurred after they lost her health insurance.

77. As a result of Defendants' breach, Plaintiffs suffered stress and anxiety caused by the loss of their health insurance.

78. As a result of Defendants' breach, some Plaintiffs delayed their medical treatment due to lack of health insurance coverage, thereby resulting in additional bodily and emotional harm.

79. Plaintiffs are informed and believe and thereon allege that the outrageous conduct of Defendant described above was one with malice and with conscious disregard for her rights and with the intention design and purpose of injuring her. By reason thereof, Plaintiffs are entitled to punitive and exemplary damages from Defendants in sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an award of general and compensatory damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial.

3. Prejudgment interest on all sums as allowed by law;

4. For reasonable attorneys' fees and costs; and

5. For such other and further relief as the Court deems just and proper.

DATED: January 5, 2024                    **THE KRUGER LAW FIRM**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BY: /s/ Jackie Kruger

Jackie Rose Kruger, Esq.
Attorneys for PLAINTIFFS

**24**

COMPLAINT FOR DAMAGES

*EXHIBIT 2*

# EXHIBIT 3

*EXHIBIT 3*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jackie Rose Kruger, SBN 231085<br>The Kruger Law Firm - 485 S. Robertson Blvd, Ste 4, Beverly Hills, CA 90211 | |

TELEPHONE NO 310-550-1234   FAX NO *(Optional)*:
E-MAIL ADDRESS: krugerlaw@thekrugerlawfirm.com
ATTORNEY FOR *(Name)*: Plaintiffs, Adrienne Arrington, et al

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/05/2024 10:48 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

CASE NAME:
ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV00341<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [x] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [x] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve   courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence   court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 8
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 5, 2024
Jackie Kruger
_____
(TYPE OR PRINT NAME)

▶ *Jackie Kruger*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courts.ca.gov |

*EXHIBIT 3*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

27

*EXHIBIT 3*

| SHORT TITLE | CASE NUMBER |
|---|---|
| ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | 24STCV00341 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

*EXHIBIT 3*

| SHORT TITLE | CASE NUMBER |
|---|---|
| ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

*EXHIBIT 3*

| SHORT TITLE | CASE NUMBER |
|---|---|
| ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | |

| | | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Contract** (Continued) | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

*EXHIBIT 3*

| SHORT TITLE | CASE NUMBER |
|---|---|
| ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                    **AND STATEMENT OF LOCATION**

*EXHIBIT 3*

| SHORT TITLE | CASE NUMBER |
|---|---|
| ADRIENNE ARRINGTON ET AL v. H.I.G. CAPITAL MANAGEMENT, LLC ET AL | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>8474 W 3rd St, Los Angeles, CA 90048 |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CALIFORNIA | ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  CENTRAL_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 01/05/2024_____

*Jackie Kruger*

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

*EXHIBIT 3*

EXHIBIT 4

*EXHIBIT 4*

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid black">

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 1 of 2

**34**

*EXHIBIT 4*

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT 5

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

*EXHIBIT 5*

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

*EXHIBIT 5*

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)         (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )
Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )
Date:

_____     ➢ _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

Print      Save      Clear

*EXHIBIT 5*

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

40

*EXHIBIT 5*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

41

*EXHIBIT 5*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]                                    [ Clear ]

**STIPULATION – DISCOVERY RESOLUTION**

42

*EXHIBIT 5*

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print        Save        Clear

43

*EXHIBIT 5*

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

*EXHIBIT 5*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

| Print | Save | Clear |
|---|---|---|

*EXHIBIT 5*

1
2
3
4
5
6

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8               **FOR THE COUNTY OF LOS ANGELES**

9

General Order Re )  ORDER PURSUANT TO CCP 1054(a),
10  Use of Voluntary Efficient Litigation )  EXTENDING TIME TO RESPOND BY
11  Stipulations )  30 DAYS WHEN PARTIES AGREE
                                                    )  TO EARLY ORGANIZATIONAL
12                                                  )  MEETING STIPULATION
                                                    )
13  _____ )

14        Whereas the Los Angeles Superior Court and the Executive Committee of the

15   Litigation Section of the Los Angeles County Bar Association have cooperated in
16
17   drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18   use in general jurisdiction civil litigation in Los Angeles County;

19        Whereas the Los Angeles County Bar Association Litigation Section; the Los

20   Angeles County Bar Association Labor and Employment Law Section; the Consumer
21
22   Attorneys Association of Los Angeles; the Association of Southern California Defense

23   Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24   Employment Lawyers Association all "endorse the goal of promoting efficiency in

25   litigation, and ask that counsel consider using these stipulations as a voluntary way to
26
27   promote communications and procedures among counsel and with the court to fairly

28   resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

46

*EXHIBIT 5*

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage

2   cooperation among the parties at an early stage in litigation in order to achieve

3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation

5   will promote economic case resolution and judicial efficiency;

6   

7   Whereas, in order to promote a meaningful discussion of pleading issues at the

8   Early Organizational Meeting and potentially to reduce the need for motions to

9   challenge the pleadings, it is necessary to allow additional time to conduct the Early

10  Organizational Meeting before the time to respond to a complaint or cross complaint

11  has expired;

12  

13  Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in

14  which an action is pending to extend for not more than 30 days the time to respond to

15  a pleading "upon good cause shown";

16  Now, therefore, this Court hereby finds that there is good cause to extend for 30

17  days the time to respond to a complaint or to a cross complaint in any action in which

18  the parties have entered into the Early Organizational Meeting Stipulation.  This finding

19  of good cause is based on the anticipated judicial efficiency and benefits of economic

20  case resolution that the Early Organizational Meeting Stipulation is intended to

21  promote.

22  IT IS HEREBY ORDERED that, in any case in which the parties have entered

23  into an Early Organizational Meeting Stipulation, the time for a defending party to

24  respond to a complaint or cross complaint shall be extended by the 30 days permitted

25  

26  

27  

28  

-2-

47

*EXHIBIT 5*

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

_____
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

48

*EXHIBIT 5*

# EXHIBIT 6

*EXHIBIT 6*

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

1

2

3

4

5

6

7

8

9

10

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING  )
FOR CIVIL                        )
                                 )
                                 )
                                 )
———————————————————————————————)

12   On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

20   quickly locate and navigate to a designated point of interest within a document.

21   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

22   portal, that gives litigants access to the approved Electronic Filing Service Providers.

23   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

24   of documents to the Court for processing which may contain one or more PDF documents

25   attached.

26   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27   document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

*EXHIBIT 6*

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

*EXHIBIT 6*

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)   Bonds/Undertaking documents;

   iii)  Trial and Evidentiary Hearing Exhibits

   iv)   Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)    Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

*EXHIBIT 6*

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

*EXHIBIT 6*

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

*EXHIBIT 6*

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4    9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11       i)    Any printed document required pursuant to a Standing or General Order;

12       ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13            pages or more;

14       iii)  Pleadings and motions that include points and authorities;

15       iv)   Demurrers;

16       v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17       vi)   Motions for Summary Judgment/Adjudication; and

18       vii)  Motions to Compel Further Discovery.

19   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20       additional documents.  Courtroom specific courtesy copy guidelines can be found at

21       www.lacourt.org on the Civil webpage under "Courtroom Information."

22   10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23   a) Fees and costs associated with electronic filing must be waived for any litigant who has

24       received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25       1010.6(d)(2).)

26   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27       section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28       electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT 6*

# EXHIBIT 7

*EXHIBIT 7*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Jackie Rose Kruger, Esq.  (SBN 231085)<br>THE KRUGER LAW FIRM<br>485 S. Robertson Blvd, Ste 4<br>Beverly Hills, CA 90211<br><br>TELEPHONE NO.: (310) 550-1234    FAX NO.: (310) 550-6904<br>ATTORNEY FOR: Plaintiff | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/18/2024 4:05 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |
|---|---|

**LOS ANGELES COUNTY SUPERIOR COURT, COUNTY OF LOS ANGELES**
  STREET ADDRESS: 111 N Hill St
  MAILING ADDRESS: 111 N Hill St
  CITY AND ZIP CODE: Los Angeles, 90012-3117
  BRANCH NAME: Central District

| PLAINTIFF: Adrienne Arrington, et al.<br>DEFENDANT: H.I.G. Capital Management, LLC, a Delaware<br>      Limited Liability Corporation doing business in<br>      California, et al. | CASE NUMBER:<br>24STCV00341 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
  f. other (specify documents):
  Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of
  Location; (ADR) Information Package

3. a. Party served:
    H.I.G. Capital Management, LLC, A Delaware Limited Liability Corporation Doing Business
    in California

  b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
    item 5b on whom substituted service was made):
    Diana Ruiz / Agent For Service Of Process at CT Corporation

4. Address where the party was served:
  330 N. Brand Blvd Suite 700, Glendale, CA 91203

5. I served the party
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
    service of process for the party on 1/12/2024 at 11:19 am

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  d. On behalf of: H.I.G. Capital Management, LLC, A Delaware Limited Liability Corporation Doing
    Business in California
    under the following Code of Civil Procedure section:
      416.10 (corporation)

**Page 1 of 2**

*EXHIBIT 7*

Document ID: 6285cef3-ce96-4ef9-a275-d61102fe7f96

| PLAINTIFF: Adrienne Arrington, et al.<br>DEFENDANT: H.I.G. Capital Management, LLC, a Delaware<br>Limited Liability Corporation doing business in<br>California, et al. | CASE NUMBER:<br>24STCV00341 |
|---|---|

7.   **Person who served papers**
   a.  Name: Ryan Sallee
      Firm: AE Attorney Service
   b.  Address: 7190 W Sunset Blvd, #87, Los Angeles, CA 90046
   c.  Telephone number: (800) 220-4248
   d.  **The fee** for the service was: $65.00
   e.  I am:
      (3)  a registered California process server:
          (i)     independent contractor
          (ii)   Registration No.: 788
          (iii)  County: Ventura

8.   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   1/12/2024

*Ryan Sallee*

| Ryan Sallee | Ryan Sallee |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

Judicial Council of California<br>POS-010 [Rev. January 1, 2007]<br>Form adopted by rule 982.9   **PROOF OF SERVICE OF SUMMONS**   Job Number AEA-2024000142

*EXHIBIT 7*

Document ID: 6285cef3-ce96-4ef9-a275-d61102fe7f96

# EXHIBIT 8

*EXHIBIT 8*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**24STCV00341**                                                      January 19, 2024
**ADRIENNE ARRINGTON, , et al. vs H.I.G. CAPITAL**                    10:36 AM
**MANAGEMENT, LLC, et al.**


Judge: Honorable David S. Cunningham III          CSR: None
Judicial Assistant: A. Rosas                      ERM: None
Courtroom Assistant: C. Concepcion                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re: Setting Case for Hearing

The Court has reviewed the Complaint and Civil Case Cover Sheet filed on 1/05/2024.

Accordingly, an Order to Show Cause Re: Complex Determination is scheduled for 02/28/2024 at 01:45 PM in Department 11 at Spring Street Courthouse.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

*EXHIBIT 8*

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/19/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Rosas _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Adrienne Arrington,  et al | |
| DEFENDANT/RESPONDENT:<br>H.I.G. Capital Management, LLC, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV00341 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Setting Case for Hearing) of 01/19/2024  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jackie Rose Kruger
The Kruger Law Firm
485 South Robertson Blvd., Suite 4
Beverly Hills, CA 90211

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>01/19/2024</u>                    By:  <u>A. Rosas</u>
                                                      Deputy Clerk

**62**

**CERTIFICATE OF MAILING**                    *EXHIBIT 8*

# EXHIBIT 9

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | *FOR COURT USE ONLY* |
|---|---|
| Jackie Rose Kruger, Esq.  (SBN 231085)<br>THE KRUGER LAW FIRM<br>485 S. Robertson Blvd, Ste 4<br>Beverly Hills, CA 90211<br><br>  TELEPHONE NO.: (310) 550-1234   FAX NO.: (310) 550-6904<br>  ATTORNEY FOR: Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/22/2024 11:05 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Arellanes, Deputy Clerk** |

| LOS ANGELES COUNTY SUPERIOR COURT, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS: 111 N Hill St<br>CITY AND ZIP CODE: Los Angeles, 90012-3117<br>BRANCH NAME: Central District | |

| PLAINTIFF: Adrienne Arrington, et al.<br><br>DEFENDANT: H.I.G. Capital Management, LLC, a Delaware<br>      Limited Liability Corporation doing business in<br>      California, et al. | CASE NUMBER:<br>24STCV00341 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1.　At the time of service I was at least 18 years of age and not a party to this action.

2.　I served copies of:
　　f.　other (specify documents):
　　　Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of
　　　Location; (ADR) Information Package

3.　a.　Party served:
　　　Encina Private Credit SPV, LLC, a Delaware Limited Liability Corporation doing business
　　　in California

　　b.　Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
　　　item 5b on whom substituted service was made):
　　　Rebecca Vang / Agent at CSC

4.　Address where the party was served:
　　2710 Gateway Oaks Drive, Sacramento, CA 95833

5.　I served the party
　　a.　**by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
　　　service of process for the party on 1/11/2024 at 1:15 pm

6.　The "Notice to the Person Served" (on the summons) was completed as follows:
　　d.　On behalf of: Encina Private Credit SPV, LLC, a Delaware Limited Liability Corporation doing
　　　business in California
　　　under the following Code of Civil Procedure section:
　　　　416.10 (corporation)

Judicial Council of California<br>POS-010 [Rev. January 1, 2007]<br>Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number AEA-2024000143

*64*

*EXHIBIT 9*

| PLAINTIFF: Adrienne Arrington, et al.<br>DEFENDANT: H.I.G. Capital Management, LLC, a Delaware<br>Limited Liability Corporation doing business in<br>California, et al. | CASE NUMBER:<br>24STCV00341 |
|---|---|

7. **Person who served papers**
   a. Name: Jenice Rossner
      Firm: AE Attorney Service
   b. **Address:** 7190 W Sunset Blvd, #87, Los Angeles, CA 90046
   c. Telephone number: (800) 220-4248
   d. **The fee** for the service was: $75.00
   e. I am:
      (3) a registered California process server:
         (i)  independent contractor
         (ii) Registration No.: 1998-02
         (iii) County: Sacramento

8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/21/2024

_____
Jenice Rossner
(NAME OF PERSON WHO SERVED PAPERS)

▶ _____
*Jenice Rossner*
(SIGNATURE)

Page 2 of 2

**PROOF OF SERVICE OF SUMMONS**

Job Number AEA-2024000143

*65*

*EXHIBIT 9*