IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Adrienne Arrington, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>H.I.G. CAPITAL MANAGEMENT LLC, *et al.*,<br><br>Defendants. | C.A. No. 24-00550-RGA |

**REPLY BRIEF IN SUPPORT OF H.I.G. CAPITAL MANAGEMENT, LLC'S
<u>MOTION TO DISMISS COMPLAINT</u>**

Dated:  June 7, 2024

*Of Counsel:*
*(Admitted Pro Hac Vice)*

AKERMAN LLP
Jason S. Oletsky
201 East Las Olas Boulevard
Suite 1800
Ft. Lauderdale, FL 33301
(954) 463-2700
jason.oletsky@akerman.com

AKERMAN LLP
Marissa Alguire, Esq.
Evelina Gentry, Esq.
Matthew Gurnick, Esq.
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
(213) 688-9500
marissa.alguire@akerman.com
evelina.gentry@akerman.com
matthew.gurnick@akerman.com

*Attorneys for Defendant H.I.G. Capital
Management LLC*

**CHIPMAN BROWN CICERO & COLE, LLP**
Paul D. Brown (No. 3903)
Mark L. Desgrosseilliers (No. 4083)
Ryan M. Lindsay (#6435)
Robert A. Weber (No. 4013)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE  19801
302-295-0191
brown@chipmanbrown.com
desgross@chipmanbrown.com
lindsay@chipmanbrown.com
weber@chipmanbrown.com

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT ................................................................................................1 | |
| II. | PLAINTIFFS HAVE NOT SUFFICIENTLY PLEADED ANY FACTS OR THEORIES OF LIABILITY AS TO H.I.G ...........................................................................2 | |
| | A. | Plaintiffs Fail to Plead Joint Employment. ................................................................5 |
| | B. | Plaintiffs Fail to Plead an Agency Theory. ................................................................6 |
| III. | PLAINTIFFS CANNOT OVERCOME VARIOUS FLAWS WITH INDIVIDUAL CLAIMS ...........................................................................................................7 | |
| | A. | Plaintiffs' First, Second, Third, and Fourth Claims Fail to State a Claim. ...............7 |
| | B. | Plaintiffs' Fifth Claim Fails to State a Claim.............................................................8 |
| | C. | Plaintiffs' Sixth Claim Is Preempted Under ERISA..................................................9 |
| | D. | Plaintiffs' Claim for Punitive Damages Must Be Stricken. .....................................10 |
| IV. | LEAVE TO AMEND WOULD BE FUTILE.........................................................................10 | |
| V. | CONCLUSION........................................................................................................................10 | |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004) ............................................................................................................. 9

*Allergan USA, Inc. v. Sun Pharm. Indus. Ltd.*,
  636 F. Supp. 3d 483 (D. Del. 2022) ..................................................................................... 4

*Ayala v. Antelope Valley Newspapers, Inc.*,
  59 Cal. 4th 522 (2014) ......................................................................................................... 5

*Bast v. Prudential Ins. Co. of Am.*,
  150 F.3d 1003 (9th Cir. 1998) ............................................................................................. 9

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ................................................................................................. 4

*Dong Su v. Henry Glob. Consulting Grp.*,
  2021 WL 1240776 (C.D. Cal. Apr. 2, 2021) ........................................................................ 4

*Johnson v. District 2 Marine Engineers Beneficial Ass'n*,
  857 F.2d 514 (9th Cir. 1988) ............................................................................................. 10

*Jones v. United States*,
  2010 WL 5418795 (E.D. Cal. Dec. 23, 2010) ..................................................................... 4

*Laird v. Cap. Cities/ABC, Inc.*,
  68 Cal. App. 4th 727 (1998) ................................................................................................ 6

*Lee v. Summit Tr. Servs.*,
  LLC, 2020 WL 1249971 (C.D. Cal. Jan. 22, 2020) ............................................................. 3

*Luna v. Universal Studio City Prods. LLLP*,
  2013 WL 12308198 (C.D. Cal. Aug. 27, 2013) ................................................................... 6

*Marin General Hosp. v. Modesto & Empire Traction Co.*,
  581 F.3d 941 (9th Cir. 2009) ............................................................................................... 9

*Morris B. Silver M.D., Inc. v. International Longshore & Warehouse Etc.*,
  2 Cal.App.5th 793 (2016) .................................................................................................... 9

*Newtok Vill. V. Patrick*,
  21 F.4th 608 (9th Cir. 2021) ................................................................................................ 9

*Noble v. Gould Med. Grp., Inc.*,
  2022 WL 3718036 (E.D. Cal. Aug. 29, 2022) ...................................................................6

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ............................................................................................10

*Samano v. Kaiser Found. Health Plan, Inc.*,
  466 Fed. App'x 592 (9th Cir. 2012) ...................................................................................9

*Schneider v. Cal. Dep't of Corr.*,
  151 F.3d 1194 (9th Cir. 1998) ............................................................................................4

*Schwartz v. OneWest Bank, FSB*,
  614 F. App'x 80 (3d Cir. 2015) ..........................................................................................4

**Statutes**

29 U.S.C. § 1132(a)(1)(B) .........................................................................................................9

**Rules**

Fed. R. Civ. P., Rule 8(a) ......................................................................................................1, 4

Fed. R. Civ. P., Rule 11 ............................................................................................................7

Fed. R. Civ. P., Rule 12(b)(6) ..................................................................................................4

I.      **PRELIMINARY STATEMENT**

Plaintiffs' Opposition (D.I. 46 ["Opp."]) to Defendant H.I.G. Capital Management, LLC's ("H.I.G.") Motion to Dismiss (D.I. 34 ["Motion"]) leaves no doubt that the Complaint is deficient, and that Plaintiffs cannot state any legally cognizable claim against H.I.G. Thus, the Complaint should be dismissed against H.I.G. with prejudice.

The Opposition relies on three conclusory allegations that H.I.G purportedly "acquired, owned, and managed" Jenny Craig and, incredibly, concludes that these allegations suffice to establish H.I.G.'s status as Plaintiffs' "employer" – an allegation that Plaintiffs make *for the first time* in the Opposition. In addition to arguing several new facts that the Complaint does not allege, the Opposition also adds new theories of liability (joint employment and agency) as purported bases for H.I.G.'s liability. Plaintiffs' attempt to amend their Complaint through the Opposition brief implicitly admits that their Complaint is inadequate and the mere labels and conclusions on which Plaintiffs rely fall well short of the pleading standards required by *Iqbal* and *Twombly*.

The Opposition also argues that because there are only two remaining Defendants, H.I.G. and Ms. Dowson, it is appropriate to lump them together and refer to them jointly as Defendants because Plaintiffs alleged that "each of the individual defendants was at all times the owner, director or managing agent of the corporate defendant." (Opp., at p. 10). Plaintiffs' assertion is nonsensical and contradicted by well-established law, including the bedrock principles of corporate separateness, the alter ego doctrine, Rule 8(a), and modern pleading standards. Additionally, Plaintiffs' admission that due to the number of the Plaintiffs "it would be impractical to almost impossible to provide specific allegations," (Opp., at p. 12), is fatal to their Complaint. Plaintiffs' attempt to circumvent their basic pleading obligations by lumping Defendants together and failing to identify any specific conduct by H.I.G. to tie it to the alleged wrongs forming the

1

basis for this lawsuit is contrary to well-established, basic pleading principles and violates fundamental rules of fairness.

The Opposition further fails to resolve critical flaws with specific claims. Again, it offers nothing more than the conclusory allegation that H.I.G. "controlled" Jenny Craig to support Plaintiffs' various wage and hour claims (counts 1, 2, 3, and 4) and WARN claim (count 5). Incredibly, the Opposition also concedes the Complaint's failure to make more specific allegations explaining that it would be "impractical to almost impossible" given that there are 133 Plaintiffs. (Opp., at p. 12). Lastly, the Opposition cannot overcome ERISA preemption with respect to the breach of contract claim (count 6) and request for punitive damages, as their state law claims derive directly from an ERISA plan, and Plaintiffs provide no binding authority that the Court can re-plead such claims pursuant to ERISA.

In sum, the Opposition is further proof that Plaintiffs have not—and cannot—plead adequate facts to support their claims against H.I.G. For the reasons set forth in the underlying Motion and below, H.I.G. respectfully requests that the Court grant its Motion to Dismiss without leave to amend.

## II. PLAINTIFFS HAVE NOT SUFFICIENTLY PLEADED ANY FACTS OR THEORIES OF LIABILITY AS TO H.I.G

### A. Plaintiffs' New Allegations and Theories of Liability Must Be Disregarded.

Plaintiffs attempt to avoid dismissal by improperly asserting several factual arguments *for the first time* in the Opposition and misconstruing the Complaint to impute allegations of conduct by Jenny Craig and omnibus Defendants on to H.I.G.

First, Plaintiffs argue they "have pleaded adequate factual allegations to establish H.I.G.'s status as an employer due to its control and management of Jenny Craig's employment and labor practices during the relevant time period." (Opp., at p. 1). This is incorrect. The Complaint only alleges employment by Jenny Craig, and it contains no reference to "joint employment." (*See*

2

Compl., ¶ 24)[1]. Further, the Complaint's purported allegations regarding H.I.G.'s "control" are limited to the simple statement that H.I.G. controlled Jenny Craig (*see* Compl., ¶¶ 23-24), without providing any specifics as to what or how. The four corners of the Complaint contain no allegations that H.I.G. was involved in the employment and labor decisions of Jenny Craig. (*See* Compl., generally).

Additionally, the Opposition misconstrues the allegations of the Complaint and casually imputes allegations of Jenny Craig or the omnibus "Defendants'" conduct onto H.I.G., treating them as one and the same, in blatant violation of corporate separateness rules and without any attempt at veil piercing.[2] For example, Plaintiffs assert, without citing to the Complaint, that they alleged that "H.I.G. controlled the employment and labor decisions of Jenny Craig, including but not limited to, whether to give notice about the impending company closure, how to communicate with employees about the closure, and whether to pay employees outstanding wages" (Opp., at p. 10). However, the Complaint contains no such allegations against H.I.G., but rather only against Jenny Craig. (*See* Compl., ¶23-24). Moreover, contrary to Plaintiffs' argument, paragraphs 17 through 33 do not contain "specific allegations that H.I.G. acquired and mismanaged Jenny Craig," (Opp., at p. 11), but rather only a few conclusory single-word allegations against H.I.G. and several allegations against "Defendants" and Jenny Craig. (*See id.; see also* Motion at p. 2). Likewise, the Complaint does not allege that "H.I.G. failed to reserve enough cash to pay for Plaintiffs' final wages, failed to maintain Plaintiffs' medical insurance, and failed to reimburse business expenses."

---

[1] Notably, the Opposition confirms that "Plaintiffs (…) worked for Jenny Craig in California during the course of their employment." (Opp., at p. 1).

[2] The Opposition does not address H.I.G.'s argument that Plaintiffs failed to plead the alter ego doctrine, thereby, conceding this point. *See, e.g., Lee v. Summit Tr. Servs.,* LLC, 2020 WL 1249971, at *3 (C.D. Cal. Jan. 22, 2020) (granting motion to dismiss because plaintiff's opposition "[did] not address Defendants' arguments to dismiss" and thus "conceded that those claims should be dismissed").

3

(Opp., at pp. 11, 12 (citing Compl., ¶¶ 29-33)). Instead, those allegations are made against all the "Defendants" collectively, rendering it impossible to discern what specific conduct by H.I.G. Plaintiffs contend support their claims against it.

However, Plaintiffs cannot evade dismissal by pleading new allegations or theories of liability in their Opposition or by misrepresenting the existing allegations. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citations omitted); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Further, Plaintiffs cannot establish the sufficiency of their Complaint by providing additional allegations or theories in their Opposition that provide more specificity than the Complaint itself. *Schwartz v. OneWest Bank, FSB*, 614 F. App'x 80, 83 n.2 (3d Cir. 2015) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of ... complaints." (citing *Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007); *see also Dong Su v. Henry Glob. Consulting Grp.*, 2021 WL 1240776, at *3 (C.D. Cal. Apr. 2, 2021) ("Plaintiffs cannot simply beef up their deficient factual allegations by asserting new legal theories in their Opposition.") (citations/quotations omitted). Consequently, courts routinely reject theories raised for the first time in opposition to motions to dismiss. *See, e.g., Allergan USA, Inc. v. Sun Pharm. Indus. Ltd.*, 636 F. Supp. 3d 483, 487 (D. Del. 2022) (declining to consider new theory and supporting facts asserted in answering brief); *Jones v. United States*, 2010 WL 5418795, at *2 (E.D. Cal. Dec. 23, 2010) (same).

The Court should do the same here and disregard Plaintiffs' newly concocted allegations and arguments regarding joint employment and agency theories of liability because Plaintiffs assert them *for the first time* in their Opposition. However, should the Court consider Plaintiffs' newly asserted theories, they fail for the reasons described below.

### A. Plaintiffs Fail to Plead Joint Employment.

Even if the Complaint mentioned the joint employment theory, which *it does not*, Plaintiffs fail to plead facts sufficient to articulate it.

Plaintiffs concede that "[t]o employ [under California law] means: (a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." (Opp., at p. 7.) However, their Opposition makes abundantly clear that the Complaint does not allege sufficient facts to support a joint employment theory against H.I.G. Under the first definition, the Complaint is completely devoid of any facts regarding H.I.G.'s alleged control over wages, hours, or working conditions, and the Opposition does not argue to the contrary.

The second definition, as Plaintiffs contend, is met where "[a] proprietor (…) *knows* that persons are working in his or her business without having been formally hired, or while paid less than minimum wage," and encompasses "irregular working arrangements," that "reach through straw men and other *sham arrangements* to impose liability for wages on the *actual* employer." (*Id.*) (emphasis added). However, again, the Complaint offers no factual allegations regarding (i) H.I.G.'s knowledge regarding the alleged wrongs Plaintiffs experienced in connection with their employment with Jenny Craig; or (ii) some sham arrangement whereby H.I.G. was Plaintiffs' "actual employer."

Under the third definition, the "right to exercise control," can be established through a variety of factors, including for example, the right to discharge (which is the most important factor), as well as the kind of work to be performed, length of time, method of payment, and whether the parties believe they were creating an employment relationship. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 531 (2014) (listing factors). Neither the Complaint nor the Opposition even mention, let alone properly allege, any of these factors. Instead, in an already

5

familiar theme, Plaintiffs merely recite the same three conclusory allegations that H.I.G. "acquired, owned, and managed" Jenny Craig. (Opp., p. 8.)

Significantly, even if Plaintiffs alleged that H.I.G. is the parent of Jenny Craig, which they did not (nor is that true), "[t]here is a strong presumption that a parent company is not the employer of its subsidiary's employees" and "common ownership or control alone is never enough to establish parent liability." *Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737-38 (1998), overruled on other grounds in *Reid v. Google*, 50 Cal.4th 512, 524 (2010). Yet, Plaintiffs offer nothing more than conclusory allegations of ownership and control. Clearly, that is not enough to survive a motion to dismiss. *See, e.g., Luna v. Universal Studio City Prods. LLLP*, 2013 WL 12308198, at *7 (C.D. Cal. Aug. 27, 2013) (finding no joint employment and granting motion to dismiss as to parent company); *Noble v. Gould Med. Grp., Inc.*, 2022 WL 3718036, at *6 (E.D. Cal. Aug. 29, 2022) (same).

### B.   Plaintiffs Fail to Plead an Agency Theory.

Like with Plaintiffs' joint employment theory, Plaintiffs fail to plead facts sufficient to articulate an agency relationship between H.I.G. and Jenny Craig, which again, they improperly allege for *the first time* in the Opposition brief.

Plaintiffs concede that "[a] plaintiff can establish a parent corporation's liability for acts or omissions of its subsidiary on an agency theory by showing that a parent corporation *so controls* the subsidiary as to cause the subsidiary to become *merely an agent or instrumentality of the parent*." (Opp., at p. 9 (quotations/citations omitted; emphasis added)). However, they completely fail to offer any allegations as to how H.I.G. purportedly exerted control, or how such alleged control rendered Jenny Craig a mere agent or instrumentality of H.I.G. Instead, Plaintiffs simply re-state that H.I.G. "controlled Jenny Craig," and nothing more. More fundamentally, Plaintiffs do not even allege a parent/subsidiary relationship between H.I.G. and Jenny Craig (nor could they in

compliance with Rule 11), and only allege that H.I.G. "acquired Jenny Craig Inc.," (which is not true). (Compl., ¶ 19.).

In sum, the new allegations and theories of liability found in the Opposition are both irrelevant because they go well beyond the bounds of the Complaint's four corners and, even if considered, still fail to cure the deficiencies identified by H.I.G.'s Motion to Dismiss.

### III. PLAINTIFFS CANNOT OVERCOME VARIOUS FLAWS WITH INDIVIDUAL CLAIMS

Plaintiffs furthermore fail to adequately plead any basis for H.I.G.'s liability and therefore their individual claims must fail. Although the inquiry might as well end here, Plaintiffs' individual claims independently fail for the reasons discussed in the Motion and below.

#### A. Plaintiffs' First, Second, Third, and Fourth Claims Fail to State a Claim.

In attempting to establish that the Complaint states facts sufficient to support Plaintiffs' First, Second, Third, and Fourth Claims, the Opposition calls for "a context specific endeavor that requires courts to draw on judicial experience and common sense." (Opp., at p. 12). Yet again, Plaintiffs fail to practice what they preach.

As H.I.G. has established, California courts frequently dismiss wage and hour claims for following the same pattern of (1) stating various obligations California law imposes upon employers; (2) averring simply that defendant violated those laws; and (3) claiming damages, penalties, and other relief. (*See* Motion, at p. 13). Here, Plaintiffs only recite the same bare allegations that "H.I.G. acquired and mismanaged Jenny Craig" and cite to factual allegations of conduct by Jenny Craig or omnibus "Defendants'" conduct without articulating any basis for extending responsibility to H.I.G. (*See*, e.g., Opp., at pp. 11-12 (citations to Compl., ¶¶ 17-33).

Plaintiffs' citation to *Varsam v. Lab. Corp. of Am.*, F. Supp. 3d 1172, 1178 (S.D. Cal. 2015) only further proves H.I.G.'s point. Plaintiffs contend, "[i]n *Varsam*, the District Court found that the allegation that *an employer makes it difficult for employees to take a break or undermines a*

7

*formal policy of providing meal and rest periods* (…) provide[s] sufficient factual detail to state a claim." (Opp., at p. 11 (emphasis added)). But Plaintiffs fail to offer any such allegations, despite their claim to the contrary. (*See* Opp., at pp. 3-5, 12-13). Critically, the Complaint contains no specific factual allegations that H.I.G. did or did not do anything with regard to Jenny Craig or its employees.

Plaintiffs also remarkably concede that providing more specific allegations would be "impractical to almost impossible" given that they have asserted claims on behalf of 133 individuals, (Opp., at p. 12), thereby confirming that the Complaint does not provide H.I.G. with the required notice of what is alleged against it and why.

In sum, Plaintiffs' arguments, taken in context and with common sense, as they urge, make it clear that the Complaint fails to provide any factual allegations to support their wage and hour claims (or any other claims) against H.I.G.

### B. Plaintiffs' Fifth Claim Fails to State a Claim.

In connection with Plaintiffs' Fifth Claim for failure to provide COBRA notice, Plaintiffs admit that the Complaint misstates the applicable legal theory ("the term 'plan administrator' was not specifically alleged in the Complaint"), and again fail to offer any specific factual allegations to support the contention that H.I.G. was a "qualifying employer" upon whom COBRA imposes notice requirements. Instead, Plaintiffs urge the Court to ignore pleading standards and defer this "question of fact," which Plaintiffs contend is "not properly raised at this stage." As repeatedly detailed in the underlying Motion and herein, however, Plaintiffs fail to offer even threshold factual allegations beyond mere conclusions that H.I.G. was a qualified employer. As a result, Plaintiffs' Fifth Claim fails.

### C. Plaintiffs' Sixth Claim Is Preempted Under ERISA.

It is well-established that ERISA preemption applies to "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). As a result, to avoid preemption, Plaintiffs must show that their breach of contract claim derives from some legal obligation other than the ERISA-covered healthcare plan. *See id.* at 214 (finding preemption because suit sought "only to rectify a wrongful denial of benefits promised under [an ERISA plan] and [did] not attempt to remedy any violation of a legal duty independent of ERISA.") (Opp. at p. 14 ("Plaintiffs' [breach of contract claim] is not preempted since Plaintiffs' claims involve independent legal duties.")). Indeed, the authorities upon which Plaintiffs rely support this proposition. *See e.g., Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 948 (9th Cir. 2009) (verbal promise to pay hospital charges created legal duty independent of ERISA plan); *Morris B. Silver M.D., Inc. v. International Longshore & Warehouse Etc.*, 2 Cal.App.5th 793 (2016) (same). However, Plaintiffs repeatedly concede that their breach of contract claim seeks to redress alleged violations of the Jenny Craig health plan. (*See* Opp., at pp. 15 and 17). As a result, Plaintiffs fail to establish any independent basis for their claim and cannot escape ERISA preemption.

In addition, the Court should reject Plaintiffs' request to reconstrue their preempted breach of contract claim as an ERISA claim. (*See* Opp. at p. 14). After all, "[a] plaintiff is the master of his complaint and responsible for articulating cognizable claims." *Newtok Vill. V. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). Moreover, remedies under ERISA are limited to recovery of benefits, enforcement of the terms of an ERISA plan or clarification of rights to future benefits under an ERISA plan, *see* 29 U.S.C. §1132(a)(1)(B), but not compensatory, extracontractual, or punitive damages. *Bast v. Prudential Ins. Co. of Am.,* 150 F.3d 1003, 1009 (9th Cir. 1998). *See also Samano v. Kaiser Found. Health Plan, Inc.,* 466 Fed. App'x 592, 594 (9th Cir. 2012). Plaintiffs are

unequivocally not seeking remedies available to them under ERISA. Neither H.I.G. nor the Court are responsible (or obligated) to rewrite the Complaint to state claims upon which relief can be granted, and Plaintiffs offer no binding authority from California or Delaware to the contrary.

### D.  Plaintiffs' Claim for Punitive Damages Must Be Stricken.

Plaintiffs offer no authority to support their requests for punitive damages or otherwise rebut H.I.G.'s showing that ERISA does not authorize such relief. (*See* Opp. at p. 18; Motion at 18 (citing cases affirming dismissal of requests for punitive damages).) Moreover, to the extent Plaintiffs seek punitive damages for non-ERISA claims (although as drafted, the Complaint seeks punitive damages solely for Plaintiffs' ERISA-related claims), Plaintiffs merely offer the same conclusory allegations regarding H.I.G.'s vague "control" of Jenny Craig based only on facts pled as to Jenny Craig or the omnibus "Defendants." Such non-specific allegations cannot support a request for punitive damages and should be stricken.

### IV.  LEAVE TO AMEND WOULD BE FUTILE

"Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Johnson v. District 2 Marine Engineers Beneficial Ass'n*, 857 F.2d 514 (9th Cir. 1988) (denying amendment that sought extra-contractual damages not available under ERISA). Here, Plaintiffs have not and cannot provide any factual basis for holding H.I.G. liable for what are really claims against Plaintiffs' direct employer, Jenny Craig. Moreover, Plaintiffs fail to identify any additional facts, which even if permitted to amend, could in good faith save their Complaint. Thus, leave to amend should be denied.

### V.   CONCLUSION

For the reasons stated above, H.I.G. respectfully requests this Court grant its Motion and dismiss the entirety of this action as to it with prejudice.

| | |
|---|---|
| Dated: June 7, 2024 | **CHIPMAN BROWN CICERO & COLE, LLP** |
| | */s/ Paul D. Brown*<br>Paul D. Brown (No. 3903)<br>Mark L. Desgrosseilliers (No. 4083)<br>Ryan M. Lindsay (#6435)<br>Robert A. Weber (No. 4013)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, DE  19801<br>302-295-0191<br>brown@chipmanbrown.com<br>desgross@chipmanbrown.com<br>lindsay@chipmanbrown.com<br>weber@chipmanbrown.com |
| *Of Counsel:*<br>*(Admitted Pro Hac Vice)*<br><br>AKERMAN LLP<br>Jason S. Oletsky<br>201 East Las Olas Boulevard<br>Suite 1800<br>Ft. Lauderdale, FL 33301<br>(954) 463-2700<br>jason.oletsky@akerman.com<br><br>AKERMAN LLP<br>Marissa Alguire, Esq.<br>Evelina Gentry, Esq.<br>Matthew Gurnick, Esq.<br>633 West Fifth Street, Suite 6400<br>Los Angeles, California 90071<br>(213) 688-9500<br>marissa.alguire@akerman.com<br>evelina.gentry@akerman.com<br>matthew.gurnick@akerman.com | *Attorneys for Defendant H.I.G. Capital Management LLC* |